## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BARRY DOOLEY,

           Plaintiff,

    v.

PAUL WALTER DASHER, PASSAIC
COUNTY, JOHN AND JANE DOE(S) 1-
10 (fictitious persons and/or entities yet to
be identified),

           Defendants.

Civil Action No.  21-04036 (JXN) (SDA)

**OPINION**

**NEALS**, District Judge:

    This matter comes before the Court on two motions to dismiss Plaintiff Barry Dooley's ("Plaintiff") Amended Complaint (ECF No. 41) (the "Amended Complaint") filed pursuant to Federal Rule of Civil Procedure 12(b)(6): (i) Defendant Paul Walter Dasher's ("Dasher's") motion to dismiss (ECF No. 46) ("Dasher's Mot. to Dismiss"); and (ii) Defendant Passaic County's ("Passaic County") motion to dismiss (ECF No. 47) ("Passaic Cnty.'s Mot. to Dismiss").  Plaintiff filed opposition to Dasher's Mot. to Dismiss (ECF No. 55) ("Pl.'s Opp. to Dasher's Mot. to Dismiss") and Passaic County's Motion to Dismiss (ECF No. 54) ("Pl.'s Opp. to Passaic Cnty.'s Mot. to Dismiss").  Dasher and Passaic County filed replies (ECF Nos. 56, 57).  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).  Venue is proper pursuant to 28 U.S.C. § 1391.

    The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, Dasher's motion to dismiss (ECF No. 46) is **GRANTED.** Plaintiff's

Amended Complaint (ECF No. 41) in its entirety is **DISMISSED with prejudice** and Passaic County's Motion to Dismiss (ECF No. 47) is **DENIED as moot**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

This is a civil rights action. Plaintiff alleges in pertinent part that he suffered a deprivation of civil rights following a 2014 Order entered by a New Jersey family court in response to Plaintiff's motion for reunification with his minor son, V.D. Plaintiff alleges that Dasher, a "licensed psychologist in the State of New Jersey[,]" and Passaic County "deprived [Plaintiff] of due process and from having an intimate familial association with" V.D. (Am. Compl. ¶¶ 1-4, 10).[1] Plaintiff alleges that "[d]uring the course of Plaintiff's divorce proceedings," in *Marcela Dooley v. Barry Dooley*, PAS-FM-16-431-14 (the "State Matter"), "there was a custody battle over the children including, . . . the custody of V.D." (*Id.* ¶¶ 11-12). In October 2014, Plaintiff "filed a motion" seeking "to reunite" with V.D. (*Id.* ¶ 13). On October 22, 2014, the court entered an Order that "appointed [Dasher] to conduct a Psychological Evaluation of the parties and children . . . and a Best Interest Evaluation pertaining to parenting time . . . ." (*Id.* ¶ 15; *see also* Ex. C of Melanie Rowan Quinn's March 20, 2024, Certification (ECF No. 46-2) (the "Quinn Cert."), the October 22, 2014, redacted Order (ECF No. 46-6) (the "Dasher Order"),[2] ¶ 3).

Plaintiff alleges that after "Dasher was appointed. . .to perform an evaluation in connection with his family court case, Plaintiff was contacted on his personal cell phone by [] Dasher. "Plaintiff had no idea how [] Dasher obtained his personal cell phone number, and he was blindsided by the call." (*Id.* ¶¶ 40-41). "Dasher demanded an amount of $5,000 that exceeded what

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

[2] Because the Dasher Order is "*integral to or explicitly relied* upon in the [C]omplaint[,]" the Court considers the Dasher Order "without converting" Dasher's Mot. to Dismiss "into [a motion] for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).

Plaintiff could afford" for the court ordered services. (*Id.* ¶ 46). Further, that Dasher failed to ever inform Plaintiff in writing prior to the evaluation of the estimated fees for all anticipated services pursuant to N.J.A.C. 13:42-12.6(a). (*Id.* ¶ 42, 45). Plaintiff alleges that when he asked Dasher whether Plaintiff could use his medical insurance for the services, Dasher informed Plaintiff he did not accept private insurance. (*Id.* ¶ 47). Plaintiff alleges that he "viewed Dasher's demand for the higher retainer as a demand for excess monetary compensation in return for evaluations for Plaintiff and his children favoring reunification." (*Id.* ¶ 50). Plaintiff also alleges he "complained" to Dasher about Dasher's "inflated charge," that Dasher "did not reduce the retainer amount[,]" and that Dasher "refused to provide the court ordered service." (*Id.* ¶¶ 53, 54). Plaintiff further alleges, "[u]pon information and belief, [] Dasher reported to the court that Plaintiff refused to engage in the court ordered evaluation and/or psychological services with [] Dasher." (*Id.* ¶ 55). Additionally, Plaintiff alleges that "Plaintiff complained in the Divorce Proceeding about Defendant Dasher." (Am. Compl. ¶ 91).

Plaintiff alleges that Passaic County "has continuously provided Defendant Dasher with space at 401 Grand Street and a phone extension since he was an employee of the Passaic County Diagnostic Center through the present" and that "Dasher continued as a de facto employee of Passaic County" (*Id.* ¶¶ 30, 37). Plaintiff further alleges that Passaic County "knew of Defendant Dasher's regular demand for increased amounts in exchange for court ordered reports and analyses related to recommended parent child time in contested divorce proceedings." (*Id.* ¶ 73).

Additionally, Plaintiff alleges "Dasher has had at least ten professional complaints made to the licensing board since 1996." (*Id.* ¶ 43). Further, that "[a]s a result of [] Dasher's overcharging, obfuscation and threats, it was foreseeable that Plaintiff would be required to wade through the inherent delay of the family court system during. . .depriv[ing] [him] of having any

3

intimate familial relationship with V.D." (*Id.* ¶ 56). Plaintiff alleges that "V.D. was hospitalized in 2020 as a proximate result of his alienation from Plaintiff, and interference with Plaintiff's due process rights." (*Id.* ¶ 60).

Plaintiff further alleges that "[a]fter obtaining the medical report pertaining to V.D. in 2020, Plaintiff terminated his family court attorney and hired a new attorney in the Divorce Proceeding as part of his attempt to obtain custody rights vis-a-vis V.D" and that "Plaintiff has also suffered financial harm as a direct and proximate result of Defendants' actions and inaction" including "child support obligations. . .caused by [] Dasher's inflated charges. . . ." (*Id.* ¶¶ 67-68, 70). Additionally, Plaintiff alleges that he "eventually engaged with other professionals including a psychologist who had contracts in Passaic County to perform evaluations required by court order" and "through these interactions, learned that [] Dasher's court ordered services for Plaintiff's evaluation were required to be performed at a rate of $1,500." (*Id.* ¶¶ 57, 58).

On March 3, 2021, Plaintiff filed the Complaint against Dasher and Passaic County alleging the following claims: (i) Fourteenth Amendment Deprivation of Due Process Rights under 42 U.S.C. § 1983 (Count One); (ii) Fourteenth Amendment Deprivation of Procedural Due Process Rights under 42 U.S.C. § 1983 (Count Two); (iii) First Amendment Free Speech/Right to Familial Association Intimidation and Retaliation (Count Three); (iv) Municipal Liability against Passaic County only (Count Four); the (v) New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (Count Five); (vi) Negligence (Count Six); (vii) Conspiracy (Count Seven); and (viii) Intentional Infliction of Emotional Distress against Dasher only (Count Eight). (ECF No. 1).

On July 20, 2021, Dasher filed a motion to dismiss Plaintiff's initial complaint. (ECF No. 7). On August 16, 2021, Plaintiff opposed. (ECF No. 10). On August 31, 2021, Dasher replied. (ECF No. 11). On October 28, 2022, Passaic County filed a motion to dismiss Plaintiff's initial

complaint. (ECF No. 25). On that same date, Plaintiff opposed. (ECF No. 26). On November 21, 2022, Passaic County replied. (ECF No. 27). On September 6, 2023, the Court granted Dasher's motion to dismiss Plaintiff's initial complaint and denied Passaic County's motion to dismiss as moot. (ECF Nos. 39, 40). The Court dismissed Plaintiff's initial complaint without prejudice and permitted Plaintiff to file an amended complaint no later than 30 days of the Order. (ECF No. 40).

On October 6, 2023, Plaintiff filed an Amended Complaint alleging the same eight causes of action as the initial complaint. (ECF No. 41). On March 20, 2024, Dasher filed a motion to dismiss Plaintiff's Amended Complaint. ("Dasher's Br.") (ECF No. 46). On that same date, Passaic County also filed a motion to dismiss Plaintiff's Amended Complaint. ("Passaic Cnty's Br.") (ECF No. 47). On April 22, 2024, Plaintiff opposed both motions. ("Pl.'s Br.") (ECF Nos. 54, 55). On April 29, 2024, Dasher and Passaic County replied. (ECF Nos. 56, 57). This matter is now ripe for consideration.

## II.    **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint is sufficient, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

## III.    DISCUSSION

### A. Plaintiff's Amended Complaint is Barred by the Statute of Limitations

The Court's prior opinion dismissed Plaintiff's claims in his initial complaint because they were time barred under New Jersey's two-year statute of limitations for personal injury actions and found that "neither the Discovery Rule nor Continuing Violations Doctrine toll the statute of limitations." (ECF No. 39 at 15, 18, 20). The Court permitted Plaintiff to file an amended complaint to plead "facts related to additional dates, if any, that are pertinent to this matter." (*Id.*)

Dasher and Passaic County argue that Plaintiff's Amended Complaint, like Plaintiff's initial complaint, is barred by the affirmative defense of statute of limitations and that Plaintiff has not added any additional factual allegations to alter the Court's previous analysis. (Dasher's Br. at 7-9; Passaic Cnty's Br. at 30-32). After carefully reviewing Plaintiff's Amended Complaint, the Court agrees.

"Plaintiff does not contest Defendant[s'] assertion [that] the claims at issue are subject to the two-year statute of limitations period." (Pl.'s Br. at 9). However, Plaintiff *again* argues that his claims should not be barred because the Discovery Rule and Continuing Violations Doctrine should apply, as well as the Equitable Tolling Doctrine in his instant opposition. (Pl.'s Br. at 2, 10-16). However, Plaintiff has not addressed the statute of limitations problem noted by the Court

in its prior opinion. Plaintiff's Amended Complaint fails to add any additional dates relevant to the allegations; the only operative date certain Plaintiff alleges is October 22, 2014—the date the State court entered the Dasher Order. (Am. Compl. ¶ 15). The Court previously addressed this. (ECF No. 39 at 15) ("It is clear from the face of the [c]omplaint that Plaintiff's claims are time barred"). Additionally, the Court substantively addressed Plaintiff's tolling arguments.

### i. **The Discovery Rule**

Regarding the Discovery Rule, the Court stated, "Upon a review of the Complaint, Plaintiff was aware of his alleged injury in October 2014 [a]nd because Plaintiff filed suit against Dasher and Passaic County, Plaintiff was reasonably aware that such injury was attributed to Dasher's and Passaic County's alleged misconduct." (*Id.* at 16). The Court noted four occasions in the initial complaint "Plaintiff 'knew, or reasonably should have known, not only of the [alleged] injury but also of the basis of an actionable claim' in October 2014." (*Id.* at 16-17 (quoting *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 570 (3d Cir. 1976)). The Court further noted, "the [c]omplaint does not allege that Plaintiff moved for reconsideration, or appealed the Orders or the unidentified Order that denied the reunification motion." (*Id.* at 17). Neither the Amended Complaint nor Plaintiff's proffered assertions alter this analysis.

The Amended Complaint alleges "Plaintiff complained in the Divorce Proceeding about Defendant Dasher." (Am. Compl. ¶ 91). Plaintiff's Amended Complaint also acknowledges that in 2014 he complained to Dasher about the cost of the court ordered evaluation. (*Id.* at ¶ 53). This demonstrates Plaintiff "discover[ed] or by an exercise of reasonable diligence and intelligence should have discovered" Dasher's and Passaic County's alleged misconduct at that time. *See Piscopo v. Pub. Serv. Elec. and Gas Co.*, 650 F.App'x. 106, 111 (3d Cir. 2016) (citation omitted); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994); *see also* (ECF

No. 39 at 17 ("Plaintiff was "on notice" of Dasher's and Passaic County's alleged misconduct at the time yet chose to wait until 2021 to file the Complaint" (citing *Fishbein Family P'ship v. PPG Indus.*, 307 F.App'x. 624, 627 (3d Cir. 2009)).

Plaintiff's Amended Complaint alleges at a subsequent, unspecified date, he became aware of the alleged injury caused by Dr. Dasher, stating he "eventually engaged with other professionals including a psychologist who had contracts in Passaic County to perform evaluations required by court order" and "through these interactions, learned that [] Dasher's court ordered services for Plaintiff's evaluation were required to be performed at a rate of $1,500." (*Id.* ¶¶ 57, 58). However, the Amended Complaint does not state when these interactions occurred, so the allegations do not change the calculation of the limitation period. Plaintiff's brief endeavors to supplement the Amended Complaint by asserting that the statute of limitations should be tolled until after his son was hospitalized in 2020, when he became aware of information contained in his son's medical report and "took steps to investigate." (Pl.'s Br. at 8).[3] Thereafter, Plaintiff asserts he first interacted with psychologist Dr. Golfinopoulos, which would place his initial interaction with Dr. Golfinopoulos in 2020, and he contends that is when he became aware of Dasher's alleged misconduct. (Pl.'s Br. at 8, 11-12). However, Plaintiff's contention contradicts New Jersey Family Court records from the State Court Matter, provided by Dasher, including a State Family Court Order, dated April 25, 2018, which ordered Plaintiff to be evaluated by Dr. Golfinopoulos with his son, V.D., and imposed a limitation on the cost of the evaluation to $1,500. (*See* Quinn Cert., Ex. K (ECF No. 46-12), Final Judgment of Divorce).[4] The fact that Plaintiff purportedly did not learn

---

[3] The Court noted in its prior opinion that "even if the 2020 Medical Report were considered, it would not trigger a tolling of the statute of limitations because the 2020 Medical Report was allegedly created in 2020—four (4) years after the expiration of the statute of limitations." (ECF No. 39 at 18).

[4] The Court may take judicial notice of the exhibits attached by Dasher in his motion to dismiss without converting the motion into a motion for summary judgment. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches

of the alleged injury by Dasher until his interactions with Dr. Golfinopoulos does not set the accrual date because "a claim accrues in a federal cause of action *upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong.*" *Grohs v. Lanigan*, No. 15-8184, 2017 WL 305550, at \*3 (D.N.J. July 19, 2017) (citing *Oshiver*, 38 F.3d at 1386; *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 n.4 (3d Cir. 2014) (emphasis added).[5]

Notwithstanding the above, the face of the Amended Complaint does not provide a date to toll the statute of limitations, therefore, this contention is unavailing.[6]

### ii.  The Continuing Violations Doctrine

Plaintiff reiterates that the Continuing Violations Doctrine applies, arguing that "Dasher's initial refusal to perform the court-ordered evaluation in 2014 unless Plaintiff paid an illegal fee was not an isolated incident, but rather the initial snowball causing a downhill series of foreseeable consequences that led to the deprivation of his constitutional rights." (Pl.'s Br. at 12-13). However, this argument was previously addressed by the Court. The Court stated, "[s]uch an argument, however, does not support application of the Continuing Violations Doctrine. *See Bennett v. Susquehanna Cnty. Children & Youth Servs.*, 592 F.App'x. 81, 85 (3d Cir. 2014) ("[C]ontinuing violation is occasioned by continual unlawful acts, not continual ill effects from the original

---

as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F.Supp.3d 586, 596 (D.N.J. 2015).

[5] Plaintiff's Amended Complaint alleges Dasher never informed him in writing prior to the evaluation of the estimated fees for all anticipated services pursuant to N.J.A.C. 13:42-12.6(a). (*Id.* ¶ 42, 45). The Court's prior opinion noted this allegation lacking from the initial complaint and "not 'draw the reasonable inference that' Dasher and/or Passaic County are 'liable for the misconduct alleged' based on N.J.A.C. 13:42-12.6" (ECF No. 39 at 17 n.7 (citation omitted)). Plaintiff alleging such information, does not alter the accrual date or toll the statute of limitations Plaintiff's subsequent awareness of N.J.A.C. 13:42-12.6(a) does not change that accrual occurs "upon awareness of actual injury." *Grohs*, 2017 WL 305550, at \*3.

[6] Even if April 25, 2018, was the accrual date, that date is nearly three years (2 years and 10 months) prior to Plaintiff filing his Complaint and thus, still barred. Additionally, various other New Jersey Family Court records from the State Court Matter, provided by Dasher, demonstrate Plaintiff was aware of injury prior to his interactions with Dr. Golfinopoulos. (*See* Quinn Cert., Ex. G ¶ 5 (ECF No. 46-9), Certification of Barry J. Dooley) (Plaintiff's certification dated September 2015, in which he certifies he cannot afford Dasher's fee for the evaluation); (*See* Quinn Cert., Ex. H ¶ 6 (ECF No. 46-10), Certification of Barry J. Dooley) (same, dated January 2016); (*See* Quinn Cert., Ex. I ¶ 10 (ECF No. 46-14), Certification of Barry J. Dooley) (same, dated February 2016).

9

violation.") (quoting *Cowell* [ *v. Palmer Tp.,*] 263 F.3d [286,] 293 [(3d Cir. 2001)]." (ECF No. 39 at 19). The Court further noted "Plaintiff's alleged injury is the denial of Plaintiff's reunification motion due in pertinent part to Dasher charging Plaintiff $5,000 for the evaluations. . .Even if V.D.'s hospitalization was caused by Dasher's and Passaic County's alleged misconduct, it was not a "continual unlawful act," but a "continual ill" that flowed from the denial of the motion." (*Id.* at 20). The Continuing Violations Doctrine does not toll the statute of limitations.

### iii. Equitable Tolling

Plaintiff argues that the Equitable tolling doctrine should apply. (Pl.'s Br. at 14). Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

Plaintiff's asserted first basis—that Dasher's alleged "deception prevented Plaintiff from realizing he had a viable cause of action" (Pl.'s Br. at 15)—is belied by Plaintiff's own Amended Complaint. Therein, Plaintiff alleges that he complained to Dasher about the cost of the court ordered evaluation, complained to the court about Dasher during his divorce proceeding, and "*viewed Dasher's demand for the higher retainer as a demand for excess monetary compensation in return for evaluations for Plaintiff and his children favoring reunification.*" (Am. Compl. at ¶¶ 50, 53, 91) (emphasis added).

Plaintiff's asserted second basis—that he "was denied a meaningful opportunity to present a defense and contest the deprivation of his parental rights as a proximate result of [] Dasher"—is belied by the various New Jersey Family Court records, which show Plaintiff petitioned the court

regarding Dasher's fee and his inability to pay. (*See* Quinn Cert., Exs. G ¶ 5, H ¶ 6, and I ¶ 10 (ECF Nos. 46-9, 10, 14) Certifications of Barry J. Dooley; *see also* Quinn Cert., Ex. K, (ECF No. 46-12), Final Judgment of Divorce (permitting Plaintiff to engage in a limited Best Interests Evaluation for a reduced fee)). Plaintiff was not prevented from asserting his rights, the public record confirms he did so, and in the proper forum—the court which ordered the evaluation and appointed Dasher. Contrary to Plaintiff's contention (Pl.'s Br. at 16), Plaintiff's default resulted from his failure to provide discovery, not due to his failure to undergo the evaluation (Quinn Cert., Ex. F, (ECF No. 46-8), July 13, 2015 Order). Such an assertion is not alleged the Amended Complaint.

Plaintiff's third basis—ineffective assistance of counsel—is belied by Plaintiff's representation by three attorneys throughout his divorce proceeding (Def.'s Rep. Br. at 3). Moreover, Plaintiff does not allege ineffective assistance of counsel in the Amended Complaint. Accordingly, the Equitable Tolling Doctrine is inapplicable.

Considering the foregoing, any additional amendment would be futile. *See Grohs*, 2017 WL 305550, at *4. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

Since the Court has determined that Plaintiff's Amended Complaint is barred by the statute of limitations, the claims that are the subject of Defendant Passaic County's motion to dismiss are no longer viable. *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Accordingly, Defendant Passaic County's motion to dismiss is denied as moot.

## IV.     <u>CONCLUSION</u>

For the reasons set forth above, Dasher's motion to dismiss (ECF No. 46) is **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED with prejudice**, and Passaic County's Motion to Dismiss (ECF No. 47) is **DENIED as moot**.  An appropriate Order accompanies this Opinion.

**DATED:** December 17, 2024

JULIEN XAVIER NEALS
United States District Judge